IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAMADOU BOBO KANN DIALLO, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST ADVANTAGE BACKGROUND SERVICES CORP., <br><br> Defendant. | Civil Case No.: 1:25-cv-02402 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Mamadou Bobo Kann Diallo, by and through counsel, brings the following Complaint against First Advantage Background Services Corporation ("Defendant" or "FADV") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that Defendant published to Plaintiff's potential employer, which falsely portrayed Plaintiff as a convicted felon.

## PARTIES

1. Mamadou Bobo Kann Diallo ("Plaintiff" or "Mr. Bobo Kann Diallo") is a natural person residing in Bronx, New York, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

2. Defendant First Advantage Background Services Corporation ("Defendant" or "FADV") is a California corporation doing business throughout the United States, including the State of New York and in this District, and has a principal place of business located at 1 Concourse Parkway NE, Suite 200 Atlanta, GA 30328. Defendant can be served through its registered agent,

1

Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

### JURISDICTION AND VENUE

3.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### FACTUAL ALLEGATIONS

5.  Plaintiff immigrated to the United States from Guinea, in West Africa, in or around April 2023.

6.  On or about January 20, 2025, Plaintiff applied for employment as an Amazon Sortation Center Warehouse Associate.

7.  The position offered a competitive salary and benefits package.

8.  Amazon extended a job offer to Plaintiff for the position to which he applied. The job offer was conditioned upon Plaintiff passing a background check.

9.  Amazon contracted with Defendant to conduct background checks, including criminal background checks, on its prospective employees.

10. On or about January 27, 2025, Amazon ordered a criminal background check on Plaintiff from Defendant.

11. On or about January 29, 2025, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the same to Amazon Corporation.

12. Plaintiff's start date should have been the next day.

13. However, within that consumer report, Defendant published inaccurate information about Plaintiff.

14. Specifically, Defendant's consumer report about Plaintiff included grossly inaccurate and stigmatizing felony "felon in possession of a firearm" conviction from Bronx County, New York which appeared in the consumer report as follows:

| | |
|---|---|
| Case Reference # | 1:22-CR-00127-JPO-1 |
| Case Date | 01/Mar/2022 |
| Name on File | MAMADOU B DIALLO |
| DoB on File | XX/XX/XXXX |
| Charge | FELON IN POSSESSION OF A FIREARM |
| Charge Type | FELONY |
| Disposition | GUILTY |
| Disposition Date | 14/Oct/2022 |
| Sentence | IMPRISONMENT 15 MONTHS; SUPERVISED RELEASE 3 YEARS; ASSESSMENT 100 |

15. That conviction implied not only that Plaintiff had convicted one felony (i.e., "felon in possession of a firearm"), but that there must have also been some prior, predicate felony.

16. Thus, Defendant characterized Plaintiff as someone who had committed two felonies.

17. Defendant characterized Plaintiff as someone who had been imprisoned for fifteen months and was still serving a three-year period of supervised release.

18. The criminal conviction reported by Defendant about Plaintiff to Amazon does not belong to Plaintiff.

19. Plaintiff has never been charged with or convicted of any felony or crime in his life.

20. A review of the widely available public court records confirms that the records

belong to an unrelated male, Mamadou Deiouhe Diallo ("Convicted Felon Diallo").

21. Had Defendant actually consulted or obtained the widely available public court records regarding the conviction, it would have seen obvious discrepancies between Convicted Felon Diallo and Plaintiff.

22. The discrepancies that should have caused Defendant to realize Plaintiff is not the same person as Convicted Felon Diallo include the following:

 (a) According to the report, Plaintiff was charged with a felony as a felon in possession of a firearm on October 14, 2022. However, Plaintiff did not enter or immigrate to the United States until April 2023, making it factually impossible for him to have committed the alleged crime. Plaintiff was not present in the United States at the time the "felon in possession of a firearm" offense was committed, nor, perforce, was he present in the United States at the time of the prior, predicate felony;

 (b) Plaintiff's legal name is "Mamadou Bobo Kann Diallo" and the criminal records belong to a "Mamadou Deiouhe Diallo," which is indicated in the available public records from Bronx County, New York;

 (c) The public records include images of Convicted Felon Diallo, which looks nothing like Plaintiff or Plaintiff's picture on his driver's license, which, upon information and belief, was provided to Defendant; and

 (d) Plaintiff's Social Security number, which was provided to Defendant is contained on the face of the subject consumer report is entirely different than that of Convicted Felon Diallo.

23. The sole reason the inaccurate criminal record was reported as belonging to

4

Plaintiff was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

24. Had Defendant followed reasonable procedures, it would have been discovered that the inaccurate, stigmatizing criminal conviction belong to an unrelated individual with a different middle name than Plaintiff, a different Social Security Number, and different physical attributes.

25. In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

26. On or about January 30, 2025, Plaintiff was notified by Amazon that the information contained in the consumer report could negatively impact his eligibility for employment as a direct result of the felony conviction(s) reported by Defendant.

27. Shortly thereafter, Plaintiff obtained a copy of the subject consumer report and was shocked and humiliated upon reviewing and realizing that the serious criminal conviction of another, namely Convicted Felon Diallo, was published in the consumer report Defendant sold about Plaintiff to Amazon.

28. Plaintiff was very panicked, confused, and concerned about the impact of Convicted Felon Diallo's serious criminal convictions reported on the subject consumer report.

29. On January 30, 2025, desperate to secure employment with Amazon and riddled with worry over the far-reaching impacts of being confused with a convicted felon, Plaintiff disputed the inaccurate information with Defendant. Plaintiff disputed via e-mail with Defendant.

30. On February 5, 2025, Plaintiff received Defendant's correspondence confirming

that it had reinvestigated Plaintiff's dispute and removed the criminal records from the subject consumer report.

31. Defendant also communicated to Plaintiff that it had issued a corrected consumer report to Amazon.

32. Following the correction, Amazon reinstated Plaintiff's job offer, confirming that the inaccurate report was the only obstacle to his employment, and Plaintiff was able to start immediately.

33. Plaintiff endured a period of disappointment, anxiety, depression and stress while unsure whether the erroneous report would be rectified. He lost valuable work hours, income and employment opportunities due to Defendant's negligent conduct.

34. Plaintiff lives with his cousin, and they share financial responsibilities, including rent and utilities. Due to the delay in his employment, Plaintiff did not have sufficient funds to cover his portion of the bills, creating financial hardship, interpersonal tension, and uncertainty.

35. Plaintiff was responsible for paying $1,000 per month for his share of the rent. However, without the job at Amazon, Plaintiff expected to face severe difficulty in making these payments, and Plaintiff underwent the emotional distress of having his housing situation at risk.

36. Plaintiff was humiliated and deeply distressed upon realizing that Amazon might perceive him as a felon. The false background check report caused significant emotional damage, making Plaintiff fear that this issue could follow him for the rest of his life and negatively impact future job opportunities.

37. Plaintiff experienced severe sleeplessness, recurring headaches, and a loss of appetite due to the stress caused by Defendant's erroneous reporting.

38. Without the job with Amazon, Plaintiff was totally unemployed and his living

conditions deteriorated drastically, as he was unable to afford basic necessities. He struggled to pay for food, transportation, and other essential expenses.

39. Plaintiff has family members living in Africa whom he financially supports, including his mother, father, and three younger sisters. Plaintiff also supports his younger brother, who lives in Canada. Due to the employment delay, Plaintiff was unable to send money for their living expenses, further adding to his emotional distress.

40. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, delayed employment, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

41. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

42. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

43. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages

in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: March 24, 2025

By: */s/ Meir Rubinov*
Meir Rubinov, NY Bar # 6077887
**CONSUMER ATTORNEYS**
68-29 Main Street
Flushing NY 11367
T: 718-640-8123
F: (718) 715-1750
E: mrubinov@consumerattorneys.com

Moshe Boroosan, Bar No. 5429915
**CONSUMER ATTORNEYS**
68-29 Main Street
Flushing NY 11367
T: (718) 887-2926
F: (718) 715-1750
E: mboroosan@consumerattorneys.com

        Daniel Cohen, NY Bar # 5481460
        **CONSUMER ATTORNEYS**
        68-29 Main Street
        Flushing NY 11367
        T: (718) 770-7901
        F: (718) 715-1750
        E: dcohen@consumerattorneys.com

*Attorneys for Plaintiff,*
*Mamadou Bobo Kann Diallo*